```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**BRIAN E. BETTS,**

                      **Petitioner,**

           **v.**                                    **CASE NO.11-3097-SAC**

**DAVID MCKUNE, et al.,**

                      **Respondents.**

## O R D E R

Petitioner proceeds pro se on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Respondents filed an Answer and Return, and petitioner seeks additional time to file a traverse. The court grants these requests for extension of time to file a traverse.

Also before the court is petitioner's motion to stay this matter pending his exhaustion of additional claims in the state court. This motion is denied.

Petitioner initiated this action with a petition that itemizes twelve separate grounds. Respondents' filed an answer and return, addressing each ground. Petitioner then filed his motion to stay these proceedings to allow him to return to the state court to exhaust state court remedies on seven additional grounds. Petitioner claims he presented these seven additional grounds to the state district court during the extended pendency of his 2002 postconviction motion under K.S.A. 60-1507, and contends no proper decision was ever entered on any of these grounds. Petitioner states his intention to ask the

state court to reopen the 2002 postconviction action to finally and properly address these seven grounds, and argues he can then fully exhaust state district and appellate court remedies on these additional grounds.

Respondents oppose petitioner's motion, arguing no stay is warranted where petitioner has exhausted his direct appeal and collateral appeal options, and no further remedy in the state courts remains available to petitioner on these seven additional claims.

A district court may stay a mixed habeas petition pending exhaustion of unexhausted claims. *Rhines v. Weber,* 544 U.S. 269, 275 (2005). A stay and abeyance, however, should only be granted "when the district court determines there was good cause for the petitioner's failure to exhaust" and where the unexhausted claims are not "plainly meritless." *Id*. at 277. "[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id*. at 278.

In the present case, petitioner's motion for a stay is not based on his desire to exhaust state court remedies on unexhausted grounds in his § 2254 petition, but rather on his desire to pursue state court remedies on seven additional grounds identified in his motion. Thus to the extent petitioner seeks a stay under the *Rhines* procedure, it appears he is relying on amending his § 2254 petition to include these additional "unexhausted" grounds. This reliance is misplaced.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposed a one year limitation period on prisoners in custody pursuant to a state court judgment who were seeking habeas corpus relief in federal court.  28 U.S.C. § 2244(d)(1)(as amended by AEDPA in 1996). In the present case, petitioner's appeal from the denial of all relief in his postconviction motion became final in March 2011.  *See Betts v. State of Kansas*, 225 P.3d 121, 2010 WL 919795 (Kan.App. March 5, 2010), *rev. denied* (March 1, 2011).  He filed the instant § 2254 petition with approximately three months remaining in the statutory one year limitation period.  That limitation period then expired in June 2011, notwithstanding petitioner's filing of the instant § 2254 action.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)(AEDPA's provision for tolling limitation period during pendency of a properly filed application for State post-conviction or other collateral review does not toll the limitation period during the pendency of a federal habeas petition).  Petitioner filed his motion for a stay in February 2012, setting forth his additional seven claims for the first time.  Accordingly, even if his pro se motion for a stay were to be liberally construed as amending the petition,[1] petitioner failed to assert his seven new claims within the one year limitation period in 28 U.S.C. § 2244(d)(1).

While an amendment can relate back to the original filing date if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set

---

[1] A habeas petition may be amended "as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  Because petitioner proposed his seven new grounds for seeking relief under § 2254 by filing his motion to stay within 21 days of service of the Answer and Return, he is arguably entitled to amend the petition without leave of the court.  *See* Fed.R.Civ.P. 15(a)(1)(B).

out-in the original pleading," Fed.R.Civ.P. 15(c)(1)(B), with respect to amendment of habeas petitions the Supreme Court has determined that "[a]n amended habeas petition ... does not relate back (and, thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Mayle v. Felix*, 545 U.S. 644, 650 (2005).  That the grounds for relief are related to the petitioner's trial and conviction is, by itself, insufficient. *Id*. Rather, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."  *Id*. at 659.

Having reviewed both the grounds asserted in the original petition[2] and the additional grounds cited in petitioner's motion for a stay,[3] the court finds no showing on the face of the record that would allow for petitioner's seven new grounds to relate back to the filing date of the original petition.  Nor is there anything on the face of the record to suggest that statutory or equitable tolling of the § 2244(d)(1) limitation period would be warranted to allow any of the seven new grounds to be considered as timely filed.  Accordingly, federal habeas relief on any of the seven additional grounds now appears time barred, making it futile to amend the § 2254 petition

---

[2] The petition presents twelve grounds which center on (a) the recantation testimony of Carter Betts, (b) the State's use of alleged false and/or perjured testimony, (c) alleged prosecutorial misconduct in closing argument, (d) a *Brady* claim regarding the State's peremptory challenges, (e) petitioner not being present when the district court answered a jury question, (f) the denial of a continuance to investigate exculpatory hearsay evidence, (g) ineffective assistance of trial counsel in failing to make objections or impeach witnesses, and (h) ineffective assistance of appellate counsel.

[3] Petitioner's additional claims concern challenges to (a) the court's severance of a petitioner's trial from that of a co-defendant, (b) the sufficiency of the evidence, (c) the trial court's imposition of a life sentence, failure to recuse, and failure to instruct the jury on lesser included offenses of murder, and (d) the effective assistance of trial counsel due to an alleged conflict of interest.

to include any of these new grounds.  The court thus finds no sound basis, let alone any showing of good cause, for staying this matter while petitioner pursues whatever relief might yet be available in the state court.

   IT IS THEREFORE ORDERED that petitioner's motion for a stay and abeyance (Doc. 17) is denied.

   IT IS FURTHER ORDERED that petitioner's motions (Docs. 18, 20 and 22) are granted, and that petitioner is granted thirty (30) days from the date of this order to file a traverse.

   **IT IS SO ORDERED.**

   DATED:  This 19th day of July 2012 at Topeka, Kansas.


                              s/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge