IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

BRIAN E. BETTS,

           Petitioner,

Vs.                                                                             No. 11-3097-SAC

DAVID MCKUNE, et al.,

           Respondents.

MEMORANDUM AND ORDER

        The court denied Brian Betts' petition for writ of habeas corpus in a memorandum and order and separate judgment filed July 2, 2013. (Dk. 29 and 30). The district court also denied a certificate of appealability in the same filings. Mr. Betts now has filed a motion to modify the record pursuant to Fed. R. App. P. 10(e)(2). (Dk. 31). The court promptly denies this motion for the reasons stated below.

        Mr. Betts seeks to add to the record on appeal what he terms as selected transcripts and testimony from the separate trial records of his co-defendants Dwayne McKinney and Celester McKinney. The state district court granted a pretrial motion to sever and separately tried each of the three defendants for first-degree premeditated murder, and the result was that defendants Betts and Celester McKinney were found guilty but Dwayne McKinney was found not guilty. *State v. Betts*, 272 Kan. 369, 373, 33 P.3d 575

(2001). Mr. Betts now asks to supplement the record arguing that some of the same witnesses at his trial later testified differently at the trials of the McKinney co-defendants and that the selected portions of the pre-trial and trial proceedings for his co-defendants presumably support his claims and issues raised in his § 2254 appeal. He does not show any prior effort or attempt of record to make his co-defendants' proceedings part of his record in any of his state criminal or habeas matters. Instead, Mr. Betts makes the bare assertion that he asked prior counsel to add them but they failed to do so. (Dk. 31, p. 5).

Mr. Betts cites Fed. R. App. P. 10(e)(2) as the authority for modifying the record:

> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>     (A) on stipulation of the parties;
>     (B) by the district court before or after the record has been forwarded; or
>     (C) the court of appeals.
> (3) All other questions as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. 10(e)(2), (3). The application of this rule is committed to a district court's sound discretion. *United States v. Kelly*, 535 F.3d 1229, 1242 (10th Cir. 2008), *cert. denied*, 555 U.S. 1203 (2009). This rule is intended "to allow the district court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *Clearly v. Mullin*, 62 Fed. Appx. 243, 247, 2003 WL 1572023 at *4 (10th Cir.) (internal

quotation marks and citation omitted), *cert. denied*, 540 U.S. 1056 (2003). The movant must show "that the omission of the material it now seeks to present was the result of either error or accident." *Shooting Star Ranch, LLC v. United States*, 230 F.3d 1176, 1177 (10th Cir. 2000).

      Mr. Betts does not offer a cogent argument that establishes an error or accident resulting in any omission or misstatement in the record. He does not cite any statement or reference made in his own criminal or habeas proceedings that incorporated, introduced, or relied upon these transcripts or testimony from his co-defendants' proceedings with which he now seeks to supplement record. Thus, Mr. Betts raises no question challenging the record as not truly disclosing what transpired in the district court and offers no error or accident resulting in any omission or misstatement in the record. "Rule 10(e) . . . does not grant a license to build a new record." *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) (internal quotation marks and citation omitted), *cert. denied*, 532 U.S. 943 (2001). Mr. Betts' single-sentence allegation that he had asked prior counsel "to include these material items supporting his claims," (dk. 31, ¶ 10), may go to another question on why these matters were not introduced in any of the underlying proceedings, but it does not constitute a valid argument for supplementing the record within the narrow terms of Rule 10(e)(2).

IT IS THEREFORE ORDERED that the petitioner's motion for modification of the record pursuant to Fed. R. App. P. 10(e)(2) (Dk. 31) is denied.

Dated this 31st day of July, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge